■ CLASSIC APPRAISALS CORP., Respondent, v ANN DESANTIS, Appellant.—In an action to recover damages based on intentional tort, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered March 14, 1989, as denied that branch of her motion which was to dismiss the first, second, third, fourth, and sixth causes of action as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Inasmuch as the gravamen of the plaintiff's first cause of action is that the defendant's conduct interfered with prospective appraisal contracts, and inasmuch as the injury alleged is essentially to its economic interests rather than its reputation *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183; *Jemison v Crichlow,* 139 AD2d 332, *affd* 74 NY2d 726; *cf., Morrison v National Broadcasting Co.,* 19 NY2d 453), the Supreme Court properly determined that the three-year Statute of Limitations applied *(see,* CPLR 214 [4]). Moreover, the second, third and fourth causes of action concern specific contracts with which the defendant allegedly successfully interfered, albeit by words. We agree with the Supreme Court

that these causes of action are also governed by the three-year Statute of Limitations. Finally, although the request for punitive damages was erroneously set forth in a separate cause of action, it was not improper for the Supreme Court to deem that cause of action a demand for damages in the first cause of action *(see, Laufer v Rothschild, Unterberg, Towbin,* 143 AD2d 732). Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.