■ COSMOS FORMS, LTD., Respondent, v AMERICAN COMPUTER FORMS, INC., et al., Appellants. [596 NYS2d 862] —In an action, inter alia, for a permanent injunction and damages based on an alleged breach of a restrictive covenant clause in a contract between the plaintiff and the defendant Israel Braun, the defendants appeal from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated March 11, 1991, as denied the defendants' motion for summary judgment dismissing the first, second, third, and eighth causes of action of the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion for summary judgment which was to dismiss the eighth cause of action, and substituting therefor a provision granting that branch of the defendants' motion and dismissing the eighth cause of action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Israel Braun was a 50% shareholder in the plaintiff Cosmos Forms, Ltd., a retailer of business forms and computer paper, and served as the plaintiff's president. Subsequently, the plaintiff purchased Braun's shares pursuant to a redemption agreement. The redemption agreement contained a restrictive covenant which prohibited Braun from competing with the plaintiff for a specified period of time. Thereafter, Braun continued to work for the plaintiff as a salesperson on a commission basis. While still working for the plaintiff, Braun approached the plaintiff's president and requested the revocation of the restrictive covenant. The parties then executed an agreement titled "Amendment of Redemption Agreement", which revoked the restrictive covenant contained in

the redemption agreement. Braun then formed American Computer Forms, Inc., a direct competitor of the plaintiff. Subsequently, the plaintiff commenced the instant action, *inter alia,* for a permanent injunction restraining the defendants from competing with it and for damages arising from the alleged breach of the restrictive covenant.

The defendants contend that the Supreme Court erred in denying their motion for summary judgment dismissing the first, second, third, and eighth causes of action. The first three causes of action alleged a breach of the restrictive covenant. The defendants assert that parol evidence of an alleged condition precedent to the amendment revoking the restrictive covenant was inadmissible. Thus, the defendants contend that the Supreme Court erred in denying their motion for summary judgment based upon its finding that an issue of fact was present as to whether the amendment revoking the restrictive covenant was conditional or absolute. We disagree.

Parol evidence is admissible to prove a condition precedent to the legal effectiveness of a written agreement, if the condition is not contradictory or at variance with its express terms *(see, Bank of Suffolk County v Kite,* 49 NY2d 827, 828; *Hicks v Bush,* 10 NY2d 488, 491). Contrary to the defendants' contention, the amendment revoking the restrictive covenant was separate from the redemption agreement. Thus, the parol evidence of a condition precedent to the amendment was not introduced to vary the terms of the redemption agreement. Further, the parol evidence neither contradicted nor negated the express terms of the amendment. Therefore, the Supreme Court properly denied summary judgment on the first three causes of action, since a triable issue of fact was present as to whether a condition precedent to the amendment prevented the amendment from taking effect.

However, the Supreme Court erroneously denied that branch of the defendants' motion for summary judgment which was to dismiss the plaintiff's eighth cause of action. The eighth cause of action alleged that Braun had violated his common-law duty, in his capacity as both the seller of an interest in the business, and, later, as an employee, to refrain from soliciting the plaintiff's customers.

The seller of a business interest has a duty to refrain from actively soliciting former customers *(see, Hyde Park Prods. Corp. v Lerner Corp.,* 65 NY2d 316, 321; *Mohawk Maintenance Co. v Kessler,* 52 NY2d 276, 283). However, in the present case, the plaintiff failed to produce evidentiary proof that the defendants actively solicited the plaintiff's customers. Mere

conclusions and unsubstantiated allegations are insufficient to defeat a motion for summary judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562-563).

Moreover, "[i]t is well established that solicitation of an employer's customers by a former employee is not actionable unless the customer list could be considered a trade secret or there was wrongful conduct by the employee, such as physically taking or copying the employer's files or using confidential information" *(Levine v Bochner,* 132 AD2d 532; *see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 309; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27). Trade secret protection, however, will not attach where the alleged confidential information is readily ascertainable from nonconfidential sources *(see, Zurich Depository Corp. v Gilenson,* 121 AD2d 443, 445).

In the present case, the plaintiff contends that Braun misappropriated its cost and price information, which was a trade secret. However, the evidence established that the plaintiff's suppliers also supplied the plaintiff's competitors, and that the suppliers' cost information was readily available from the suppliers. Thus, the motion papers do not provide evidentiary support for the plaintiff's claim that its cost information was confidential. Additionally, even if the plaintiff's pricing information was confidential, the plaintiff's conclusory allegations that Braun used his knowledge of the plaintiff's pricing to undermine the plaintiff's business is insufficient to defeat the motion for summary judgment. Notably, the motion papers established that the plaintiff did not have a price list, and that the plaintiff's salespeople set the prices of its products on a customer by customer basis. Moreover, even though Braun had knowledge of the prices charged to certain customers prior to his leaving the plaintiff's employ, the plaintiff did not allege that Braun had access to the plaintiff's proposed prices for future sales *(cf., Refrigeration Alarm Sys. Corp. v Olsen,* 87 AD2d 648). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.