■ MARINE MIDLAND BANK, N. A., Respondent, v ROBERT L. RENCK, JR., et al., Appellants, et al., Defendants. [617 NYS2d 507] —In an action to foreclose on a mortgage on real property, the defendants Robert L. Renck, Jr. and Ellen Sadove Renck appeal from an order of the Supreme Court, Westchester County (Burrows, J.), entered February 18, 1993, which, *inter alia,* granted the plaintiff's motion for summary judgment and dismissed the counterclaims of the defendants Robert L. Renck, Jr. and Ellen Sadove Renck.

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the appellants' counterclaims. The first counterclaim, purportedly sounding in *prima facie* tort and interference with contractual relations, was subject to a three-year Statute of Limitations *(see, Classic*

*Appraisals Corp. v DeSantis,* 159 AD2d 537; *Jemison v Crichlow,* 139 AD2d 332, 336, *affd* 74 NY2d 726; *cf., Morrison v National Broadcasting Co.,* 19 NY2d 453, 459-460). The alleged acts occurred no later than March of 1986 and the counterclaim was therefore untimely when the answer was served in August of 1991.

While the third counterclaim is not untimely on its face, it was properly dismissed for failure to state a cause of action. As a cause of action for *prima facie* tort, the third counterclaim fails to allege special damages *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *Schlotthauer v Sanders,* 143 AD2d 84, 85). As a cause of action for interference with contractual relations, there is no allegation that the plaintiff intentionally induced a third party to breach an existing contract *(see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94).

Similarly deficient is the second counterclaim for fraud, which fails to allege that the misrepresentations by the plaintiff were intended to induce reliance by the appellants, or that the appellants relied on the alleged misrepresentations to their detriment *(see, Vermeer Owners v Guterman,* 78 NY2d 1114, 1116; *107 Realty Corp. v National Petroleum U.S.A.,* 181 AD2d 817, 818; *Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc.,* 88 AD2d 461, 467).

Because the appellants do not dispute their default on the subject mortgage note, the Supreme Court properly granted summary judgment to the plaintiff. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.