(January 9, 1995)

■ AMANA EXPRESS INTERNATIONAL, INC., Appellant, v PIER-AIR INTERNATIONAL, LTD., et al., Respondents. [621 NYS2d 108] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Milano, J.), dated February 8, 1993, which denied its motion for a preliminary injunction and granted the defendants' separate cross motions for summary judgment dismissing the complaint.

Ordered that the judgment is affirmed, with costs payable to the respondent Pier-Air International, Ltd.

The plaintiff is engaged in the business of customhouse brokerage (i.e., expediting the entry of goods into the United States), freight forwarding, and freight consolidating services in the New York metropolitan area. On May 12, 1992, the defendant Marilou Terlizzi terminated her employment with the plaintiff and began working for the co-defendant Pier-Air International, Ltd. (hereinafter PAI), a customhouse brokerage firm in competition with the plaintiff. Thereafter, the plaintiff commenced an action for a permanent injunction and monetary damages against Terlizzi and PAI alleging, *inter alia,* that Terlizzi had breached a "Confidential Information Agreement" by using the plaintiff's customer lists to solicit prospective customers and induce them to engage the services of PAI instead of the plaintiff. The plaintiff then moved for a preliminary injunction to prevent Terlizzi and PAI from using the confidential information contained in its customer lists. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motions for summary judgment dismissing the complaint. We affirm.

It is well settled that to prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position *(see, Price Paper & Twine Co. v Miller,* 182 AD2d 748; *Walter Karl, Inc. v Wood,* 137 AD2d 22). Solicitation of an employer's customers by a former employee is not actionable unless the customer list could be considered a trade secret or there was wrongful conduct by the employee such as physically taking or copying the employer's files or using confidential information *(see, Cosmos Forms v American Computer Forms,* 193 AD2d 577; *Levine v Bochner,* 132 AD2d 532). Further, trade secret protection will not attach to cus-

tomer lists where such customers are readily ascertainable from sources outside the former employee's business unless the employee had stolen or memorized the customer lists *(see, Walter Karl, Inc. v Wood, supra)*.

The material submitted by the plaintiff in support of its motion and in opposition to the cross motions failed to establish a likelihood of success on the merits and failed to raise a triable issue of fact sufficient to preclude summary judgment on the defendants' cross motions *(see, Cosmos Forms v American Computer Forms, supra; Price Paper & Twine Co. v Miller, supra; Walter Karl, Inc. v Wood, supra)*. The plaintiff produced no evidence to substantiate its conclusory allegations that its list of customers was confidential and known only to the plaintiff. Indeed, the defendants submitted evidence that many of the customers on the list at issue were in various publicly circulated directories. The motion papers also failed to provide evidentiary support for the plaintiff's claim that its cost and pricing information was confidential. Even if it was, the plaintiff's conclusory allegations that Terlizzi used her knowledge of the plaintiff's pricing to obtain an unfair competitive advantage is unsupported by the record. Moreover, there is no evidence that Terlizzi misappropriated any pricing information to solicit the plaintiff's customers or that PAI tortiously interfered with the agreement between the plaintiff and Terlizzi.

We note also that the plaintiff failed to show that it would suffer irreparable injury absent the granting of injunctive relief or that a balancing of equities favored it.

The parties' remaining contentions are without merit. Mangano, P. J., Balletta, O'Brien and Hart, JJ., concur.