[638 NYS2d 805]

DAVID K. BUTLER, SR., et al., Respondents, v DELAWARE OTSEGO CORPORATION et al., Appellants.

Third Department, March 7, 1996

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King,* Syracuse *(Jonathan B. Fellows* of counsel), for appellants.

*Grossman Kinney Dwyer & Harrigan, P. C.,* East Syracuse *(Joseph G. Shields* of counsel), for respondents.

## OPINION OF THE COURT

SPAIN, J.

In 1984, plaintiff David K. Butler, Sr. was terminated as Chief of the Railway Police of defendant Delaware Otsego Corporation (hereinafter the Corporation); defendant George K. Crippen was subsequently hired as Chief of the Railway Police to fill the vacancy caused by Butler's termination. Following his discharge, Butler brought an action in Federal court against the Corporation and two of its officers alleging, *inter alia,* wrongful discharge. Butler's complaint was subsequently dismissed for failure to state a claim upon which relief could be granted. In 1993 Butler brought a separate action in Supreme Court (hereinafter referred to as *Butler* II) against defendants herein alleging that between 1987 and 1993 defendants had caused a package of derogatory and defamatory material about Butler to be disseminated to the New York Times, several of Butler's friends, acquaintances and business associates. The package contained information about Butler's

prior employment history, copies of court documents in which Butler was a named defendant, newspaper articles and an unsigned letter apparently addressed to voters of Otsego County regarding Butler's fitness for public office.[1]

The complaint in *Butler* II asserted causes of action sounding in prima facie tort, negligence and intentional infliction of emotional distress. Supreme Court granted defendants' motion to dismiss the complaint for failure to state a cause of action, finding that the claims were based on a libel cause of action and that the causes of action in prima facie tort and intentional infliction of emotional distress would not lie where the factual allegations fall within the definition of a traditional tort. Supreme Court also dismissed the negligence cause of action as its viability was dependent on the other two causes of action. On appeal, this Court in *Butler v Delaware Otsego Corp.* (203 AD2d 783) affirmed Supreme Court's order.

Butler and plaintiff Woodsmen Builders, Inc., a construction company in which Butler is the sole stockholder, president and treasurer, commenced the instant action alleging the dissemination of the package by defendants at various times between 1993 and 1994.[2] Plaintiffs alleged separate causes of action sounding in tortious interference with contractual relations and tortious interference with future expected business. Butler also alleged causes of action for intentional infliction of emotional distress and prima facie tort. Defendants moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7) and plaintiffs cross-moved to amend their complaint. Supreme Court granted plaintiffs' cross motion to serve an amended complaint and, relying on the allegations in the amended complaint, granted defendants' motion insofar as it dismissed Butler's cause of action for intentional infliction of emotional distress, but otherwise denied the motion. Defendants appeal.

We affirm. Initially, we note that the causes of action contained in the amended complaint in the instant action are based upon alleged actions of defendants commencing on June 23, 1993 which are separate and distinct from those contained in *Butler* II. It is well settled that in response to a motion pur-

---

1. It is alleged that the information contained in the "package" had been part of plaintiff's personnel file which was solely in the custody and control of defendants.

2. Butler joined Woodsmen as a plaintiff alleging that the package was revised to include a business card which shows his connection with Woodsmen.

suant to CPLR 3211, pleadings shall be liberally construed, the facts as alleged accepted as true, and every possible favorable inference given to plaintiffs (*see, Leon v Martinez*, 84 NY2d 83, 87; *Franco v English*, 210 AD2d 630, 632; *see also*, CPLR 3026); we are required to determine "only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez, supra*, at 87-88). Upon review of the record we conclude that Supreme Court properly denied that portion of defendants' motion which sought dismissal of plaintiffs' claims based upon tortious interference with a contract, tortious interference with future expected business and prima facie tort.

In order to establish the claim of tortious interference with a contract, plaintiffs must allege (1) the existence of a contract between plaintiffs and a third party, (2) defendants' knowledge of the contract, (3) defendants' intentional inducement of the third party to breach or otherwise render performance impossible, and (4) damages (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94; *Israel v Wood Dolson Co.*, 1 NY2d 116, 120). The amended complaint sets forth the existence of a contract to build a home for Mary Cassel and allegations that defendants were aware of the manner in which Butler conducted his business by agreeing to and performing work for others; that the defendants were also "aware of property owners and other parties with whom Butler was performing work"; and, specifically, that Crippen was personally aware of work being performed by Butler at the Cassel site. Further, the amended complaint alleges that Cassel had received phone calls "from people who had 'heard' things about Butler * * * [s]he was also aware of the package". Those allegations coupled with the further allegation that Cassel breached the contract, not because of her purported difficulty in obtaining financing but because she was influenced by defendants' tortious conduct in disseminating the package, is sufficient for purposes of defeating the motion to dismiss (*see, MLI Indus. v New York State Urban Dev. Corp.*, 205 AD2d 998).[3] It can be reasonably inferred, from the nature of the derogatory package and the manner in which it was distributed to various individuals and businesses, that defendants' motives were solely to injure Butler's reputation and to harm his business. In our view, Supreme Court could have inferred from the facts alleged in

---

3. In support of this inducement claim, plaintiffs allege that after Cassel's breach Butler's business closed; however, immediately thereafter she hired Butler's former employees to not only complete the project but to perform additional work, including the construction of an expensive deck.

the amended complaint that defendants engaged in "improper" conduct. Plaintiffs also alleged damages in the amount of $89,029, their alleged losses on the Cassel project.

■ Moving next to the tortious interference with prospective business cause of action, the amended complaint also sufficiently alleges that "defendants engaged in the use of wrongful or unlawful means to secure a competitive advantage over plaintiffs, or that defendants acted for the sole purpose of inflicting intentional harm on plaintiffs" (*NBT Bancorp. v Fleet/Norstar Fin. Group*, 215 AD2d 990, *lv granted* 86 NY2d 709). Here, plaintiffs have alleged that defendants circulated the derogatory package solely motivated by an intent to harm Butler's reputation and his present and potential business; these allegations are sufficient to support a cause of action for tortious interference with prospective business.

■ Finally, to support a cause of action based upon prima facie tort plaintiff must allege (1) the infliction of intentional harm, (2) resulting in special damages, (3) without excuse or justification, (4) by an act or series of acts which are otherwise lawful (*see, Mahoney v Temporary Commn. of Investigation*, 165 AD2d 233, 239; *see also, Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143). The amended complaint, unlike the original complaint, alleges special damages. Further, even if dissemination of the package were otherwise lawful, defendants' lack of justification, as alleged, provides the " 'disinterested malevolence' " which is necessary to establish prima facie tort (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333).

We have considered defendants' remaining contentions, including the application of the theory of res judicata, and find them to be without merit.

CARDONA, P. J., CASEY, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, with costs.