■ Nadia Ferran et al., Appellants, v Stanley J. Belawa et al., Respondents. [660 NYS2d 488] —Crew III, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered September 8, 1995 in Rensselaer County, which, *inter alia*, granted defendant David J. Valenti's motion to dismiss the complaint against him for failure to state a cause of action, and (2) from an order of said court, entered April 4, 1996 in Rensselaer County, which, *inter alia*, partially granted a motion by defendants Town of Nassau, Town Board of Nassau and Joseph Meizenger to dismiss the complaint against them for failure to state a cause of action.

This action arises out of plaintiffs' alleged ownership of certain real property located in the Town of Nassau, Rensselaer County. Insofar as is relevant to this appeal, plaintiffs commenced this action against defendants Town of Nassau, Town Board of Nassau and Joseph Meizenger, the latter of whom appears to be the Town's Highway Superintendent, and

defendant David J. Valenti, individually and doing business as Valenti Excavating and Trucking, alleging, *inter alia*, that defendants trespassed upon plaintiffs' property and caused damage thereto.

Following a change in venue from Albany County to Rensselaer County, Valenti moved to dismiss the complaint pursuant to CPLR 3211 contending, *inter alia*, that plaintiffs' complaint failed to state a cause of action, and plaintiffs sought permission to serve an amended complaint. Thereafter, the Town, the Town Board and Meizenger (hereinafter collectively referred to as the Town defendants) also moved to dismiss the complaint pursuant to CPLR 3211. By order entered September 8, 1995, Supreme Court granted Valenti's motion to dismiss plaintiffs' complaint in its entirety and denied plaintiffs' request for permission to serve an amended complaint. Subsequently, by order entered April 4, 1996, Supreme Court granted the Town defendants' motion to dismiss the complaint with the exception of plaintiffs' tenth cause of action for slander and, further, denied plaintiffs' application for an extension of time to oppose said motion. These appeals by plaintiffs ensued.

Turning first to Valenti's motion to dismiss, a review of the complaint reveals—and plaintiffs concede—that plaintiffs' first, second, third, fourth, seventh and eighth causes of action must be dismissed as they do not allege any wrongdoing on the part of Valenti. We also agree with Supreme Court that plaintiffs' ninth, tenth, twelfth and thirteenth causes of action fail to set forth a cognizable claim with respect to Valenti.[1] Thus, with respect to Valenti, we are left to consider the propriety of Supreme Court's dismissal of plaintiffs' fifth, sixth, and eleventh causes of action.

In granting Valenti's motion to dismiss plaintiffs' fifth, sixth and eleventh causes of action, Supreme Court noted that there was a dispute as to the true owner of the property in question and dismissed said causes of action upon that basis. This was error. It is well settled that "[o]n a motion to dismiss pursuant to CPLR 3211 (a) (7), we are to afford the pleading a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable theory" (*Sand v Chapin*, 238 AD2d 862, 863).

---

1. Whether construed as an attempt to set forth a claim for negligent or intentional infliction of emotional distress or, as plaintiffs contend, a request for punitive damages, Supreme Court properly dismissed plaintiffs' twelfth and thirteenth causes of action as to Valenti based upon the insufficiency of plaintiffs' allegations.

Although we need not accept as true legal conclusions or factual allegations that "are either inherently incredible or flatly contradicted by documentary evidence" (*Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, 918, *lv dismissed* 76 NY2d 936), the mere fact that the allegations are informally or imperfectly stated does not provide a basis for dismissal (*see, Korenman v Zaydelman*, 237 AD2d 711, 713).

Here, plaintiffs have alleged—albeit inartfully and somewhat confusingly—that they are the owners of the property in question. Although a review of the record indeed reveals that there is some question as to the validity of plaintiffs' claim in this regard, their allegations are not "inherently incredible", nor have such allegations been "flatly contradicted by documentary evidence" (*Quail Ridge Assocs. v Chemical Bank, supra,* at 918). Thus, accepting as true plaintiffs' assertions that the lands upon which Valenti is alleged to have, *inter alia,* conducted certain excavation work and destroyed survey markers is indeed owned by plaintiffs, such allegations are sufficient to state a cause of action for trespass. Accordingly, Supreme Court erred in dismissing plaintiffs' fifth, sixth and eleventh causes of action as to Valenti. Valenti's remaining contentions, including his assertion that such claims are time barred, have been examined and found to be lacking in merit.

With respect to the Town defendants' motion to dismiss, a review of the complaint indicates that plaintiffs' fourth, sixth, ninth and eleventh causes of action fail to set forth any allegations of wrongdoing on the part of the Town defendants and, with the exception of plaintiffs' request for injunctive relief, plaintiffs' twelfth and thirteenth causes of action do not state any cognizable claim for relief. Additionally, we agree with Supreme Court that plaintiffs' second and third causes of action, which allege that Meizenger trespassed upon plaintiffs' property in 1990 and 1991, are plainly time barred pursuant to General Municipal Law § 50-i. Thus, as to the Town defendants, our inquiry distills to whether Supreme Court properly dismissed plaintiffs' first, fifth, seventh and eighth causes of action, together with that portion of plaintiffs' thirteenth cause of action seeking injunctive relief.[2]

---

2. Supreme Court left intact plaintiffs' tenth cause of action for slander against the Town defendants. As the Town defendants did not cross-appeal, this cause of action need not concern us.

Additionally, with respect to the Town defendants' assertion that plaintiffs' remaining causes of action also are time barred by the one year and 90-day Statute of Limitations contained in General Municipal Law § 50-i, the record fails to disclose when the summons with notice used to commence this action

A review of Supreme Court's decision reflects that the court dismissed plaintiffs' first, fifth, seventh and eighth causes of action, alleging trespass and slander of title, based upon plaintiffs' failure to conclusively establish ownership of the subject property. Again, this was error. Accepting as true plaintiffs' allegations that they own the property in question and, further, that the Town defendants have not only interfered with their property rights but also have asserted an ownership interest in such land, these allegations are sufficient to state a cause of action for trespass and slander of title. Accordingly, Supreme Court erred in dismissing plaintiffs' first, fifth, seventh and eighth causes of action. We similarly are persuaded that plaintiffs should be permitted to assert a claim for injunctive relief as set forth in their thirteenth cause of action. The Town defendants' remaining contentions, including their assertion that they are entitled to dismissal because of a pending Federal lawsuit, have been examined and found to be lacking in merit.

Accordingly, plaintiffs are entitled to reinstatement of their fifth, sixth and eleventh causes of action with respect to Valenti and reinstatement of their first, fifth, seventh and eighth causes of action, together with that portion of their thirteenth cause of action seeking injunctive relief, with respect to the Town defendants. Plaintiffs' remaining contentions, including their assertion that Supreme Court erred in denying their motion to amend the complaint, have been examined and found to be lacking in merit.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered September 8, 1995 is modified, on the law, without costs, by reversing so much thereof as granted a motion by defendant David J. Valenti to dismiss plaintiffs' fifth, sixth and eleventh causes of action against him; motion denied to that extent; and, as so modified, affirmed. Ordered that the order entered April 4, 1996 is modified, on the law, without costs, by reversing so much thereof as granted a motion by defendants Town of Nassau, Town Board of Nassau and Joseph Meizenger to dismiss plaintiffs' first, fifth, seventh and eighth causes of action against them, together with that portion of plaintiffs' thirteenth cause of ac-

---

was filed. Accordingly, as we cannot definitively establish when this action was commenced, we are unable to discern whether the remaining causes of action, alleging wrongdoing beginning in July 1992 and continuing thereafter, are subject to dismissal upon this basis.

tion seeking injunctive relief; motion denied to that extent; and, as so modified, affirmed.