■ B-S Industrial Contractors, Inc., Respondent, v Burns Brothers Contractors, Inc., et al., Appellants. [681 NYS2d 897] —Peters, J. Appeal from an order of the Supreme Court (Nicandri, J.), entered November 6, 1997 in St. Lawrence County, which, *inter alia*, granted plaintiff's motion for leave to amend its complaint.

Defendant Burns Brothers Contractors, Inc. was a supplier of materials used by plaintiff in its business of heavy construction which had an emphasis on pipe fitting and millwright work in paper, automotive and aluminum businesses. In connection therewith, Burns worked closely with plaintiff's employees who were responsible for submitting bids in connection with future contracts to numerous clients including Champion Paper Company, Inc. Plaintiff contended that through the years it employed a large staff for the purpose of developing new and improved methods to streamline bids. The result included, but was not limited to, confidential methods which were prohibited from disclosure to any competitor without prior authorization.

In March 1995, Burns began to directly solicit the type of work engaged in by plaintiff from several of the companies

with whom plaintiff did business. Burns contended that a separate division of its parent company, Burns Cascade, had a longstanding relationship with these paper mills and factories and that it had a preexisting relationship with many of them. Although Burns subsequently bid on various projects and was awarded only one, it did receive a request from Champion to bid on three upcoming projects. After submitting bids to Champion in May of 1995, Burns was informed that the projects were put on hold.

In January 1996, defendant Robert E. Anderson, a key project estimator for plaintiff, and three other of its employees were recruited by Burns to accept an offer of employment. In February 1996, plaintiff was advised that it had three weeks' notice that Anderson would be resigning to go with Burns. Two days thereafter Anderson left, taking five of plaintiff's files, four of which contained his work on plaintiff's bids to Champion for the same three projects on which Burns had bid. The last file pertained to another Champion project on which Burns had not yet bid. Plaintiff also alleged that Anderson removed confidential customer billing rate sheets and a labor cost rate schedule used for estimating and submitting bids on these projects.

Upon arrival at Burns, Anderson contacted Champion and was given authorization to requote Burns' prior bids and make an initial quote on a fourth project. Plaintiff contended that the resultant award to Burns, instead of itself, of all four of these projects was due to Anderson's use of its confidential information. Plaintiff further contended that prior to the award of these bids, Burns had approached a number of its customers, including Champion, advising them that plaintiff would no longer be able to supply its prior level of expertise or competent supervision of workers due to the mass exodus of its employees.

The instant action sought damages and injunctive relief by alleging, *inter alia*, that defendants had maliciously conspired to interfere with plaintiff's contracts and had misappropriated confidential information. Supreme Court granted a temporary restraining order preventing defendants from engaging in certain competitive acts and further granted plaintiff's motion for an order of seizure to retrieve the files taken by Anderson. After the Sheriff recovered and inventoried the aforementioned files, the court vacated the restraining order and denied further injunctive relief. In the early stages of discovery, plaintiff moved to amend its complaint to add a fourth cause of action alleging tortious interference with prospective business rela-

tions. Burns cross-moved to dismiss the original cause of action for failure to state a claim to the extent that it could be construed as alleging the same cause of action proposed in the amendment. Supreme Court granted plaintiff leave to amend and denied Burns' motion to dismiss.

The sole issue before us is whether the complaint, as originally proposed or amended, can survive a motion pursuant to CPLR 3211 (a) where such pleading must be afforded a liberal construction, the facts as alleged must be accepted as true and all possible inferences deferred to plaintiff (*see, Ferran v Belawa*, 241 AD2d 841; *Esposito-Hilder v SFX Broadcasting*, 236 AD2d 186, 187-188; *Butler v Delaware Otsego Corp.*, 218 AD2d 357). In this narrow context, we must consider whether there are sufficient allegations that " 'defendants engaged in the use of wrongful or unlawful means to secure a competitive advantage over plaintiff * * *, or that defendants acted for the sole purpose of inflicting intentional harm on plaintiff' " (*Butler v Delaware Otsego Corp., supra*, at 361, quoting *NBT Bankcorp. v Fleet/Norstar Fin. Group*, 215 AD2d 990, *affd* 87 NY2d 614). Thereafter, plaintiff must meet the "strict requirement" of demonstrating specifically pleaded allegations "establishing that [it] would have consummated a contract but for defendant[s'] interference" (*Maas v Cornell Univ.*, 245 AD2d 728, 731).

Having excused allegations pleaded in less than an artful manner (*see, Ferran v Belawa, supra*), we must conclude that plaintiff sufficiently alleges that defendants made misrepresentations to Champion and its other clients concerning plaintiff's expertise and ability to supervise workers to secure a competitive advantage and that their misappropriation of plaintiff's confidential information was used to make successful bids to Champion. With the further allegations that due to defendants' wrongful conduct plaintiff failed to receive the Champion projects, we must conclude that the allegations survive a motion to dismiss.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.