■ MEGA GROUP, INC., Appellant, v ROBERT L. HALTON et al., Respondents. [736 NYS2d 444] —Spain, J. Appeals (1) from an order of the Supreme Court (Nolan, Jr., J.), entered October 6, 2000 in Saratoga County, which, inter alia, partially granted defendants' motion for summary judgment, and (2) from the judgment entered thereon.

In 1985, plaintiff insurance company purchased the Anthony-Halton Associates insurance agency, which at the time was partly owned by defendant Robert L. Halton (hereinafter defendant). In 1987, Anthony-Halton merged with Progressive Coverage (hereinafter Anthony-Halton/Progressive), another agency owned by plaintiff, and defendant was retained as its president. Pursuant to the terms of an amended employment agreement, defendant was to receive an annual salary, a company car, medical and life insurance, profit sharing and deferred compensation. Upon defendant's separation from plaintiff's employment, the agreement stated that defendant was required to offer plaintiff his "book of business" (i.e., insurance business developed and produced by defendant either prior to or during his course of employment), and plaintiff was required to purchase it. The agreement also contained a nonpiracy clause and covenant not to compete, precluding defendant from accepting or soliciting business from any insured of plaintiff following his separation from plaintiff's employment.

Problems arose between plaintiff and defendant in late 1999 and, in January 2000, plaintiff terminated the employment of defendant and his wife, defendant Dianne Halton (hereinafter Halton), who was also employed by plaintiff. It is undisputed that plaintiff refused to purchase defendant's book of business and, with the exception of one commission check, did not make any deferred compensation or profit sharing payments. Plaintiff thereafter commenced this action alleging breach of contract,

interference with contractual relations, and prima facie tort and sought an injunction preventing defendants from soliciting business in violation of the nonpiracy and noncompetition provisions of the employment agreement.

Defendants answered and asserted counterclaims alleging, inter alia, that plaintiff had breached the agreement by failing to purchase defendant's book of business or to pay defendant the deferred compensation and profit sharing due him. Defendants subsequently moved for summary judgment dismissing plaintiff's complaint and summary judgment on their counterclaims, as well as leave to amend their counterclaims to request injunctive relief. Supreme Court partially granted defendants' motion for summary judgment on its breach of contract counterclaim, awarding defendants $398,842 in deferred compensation and $42,500 in profit sharing compensation. It also dismissed plaintiff's complaint against Halton on the ground that "New York does not recognize civil conspiracy as an independent tort." Supreme Court denied defendants' motion for summary judgment in all other respects, but granted their motion to amend their counterclaims to request injunctive relief. Plaintiff appeals arguing that defendants' motion for summary judgment should not have been partially granted.

Initially, we note that Supreme Court correctly held that defendants met their burden, as the moving party, to demonstrate by evidence in admissible form that plaintiff breached the employment agreement (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). The employment contract clearly sets forth plaintiff's obligation to purchase defendant's book of business and to pay defendant deferred compensation and profit sharing upon his termination of employment "for any reason," and it is undisputed that plaintiff never performed in this regard. Moreover, defendant's computation of the amount owed him under the contract—based on plaintiff's own business records and by application of the formulas set forth in the agreement—went unchallenged by plaintiff. Plaintiff nevertheless contends that defendants were not entitled to summary judgment on their counterclaim for breach of contract because plaintiff's obligation to compensate defendant is contingent upon defendant's compliance with the employment agreement and defendant violated that agreement by failing to service plaintiff's accounts, misappropriating plaintiff's confidential client information and soliciting plaintiff's clients.

Whether promises in a contract are mutually dependent upon each other such that a failure to act by one party excuses non-

performance by the other ordinarily is a question of fact (*see, Greasy Spoon v Jefferson Towers*, 75 NY2d 792, 795; *Rosenthal Paper Co. v National Folding Box & Paper Co.*, 226 NY 313, 320). However, "[w]hen an employee sues for agreed compensation for fully completed past services, the claim is defeated only if the facts show a failure of performance that is substantial, material and strikes at the very essence of the contract" (*Russ v Minuteman Opt. Corp.*, 99 AD2d 632, 633; *see, Falcone v EDO Corp.*, 141 AD2d 498, 499; *see also, Hadden v Consolidated Edison Co. of N.Y.*, 34 NY2d 88, 96). It was plaintiff's burden to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact (*see, Zuckerman v City of New York, supra*, at 562). The opposition papers submitted by plaintiff—an affidavit from plaintiff's president and an attorney affirmation—were explicitly limited to opposing only that part of defendants' motion seeking "to amend [their] counterclaim and to dismiss * * * plaintiff's complaint." Thus, by not opposing—and thus conceding—defendants' entitlement to summary judgment, plaintiff has failed to raise any triable issue of fact on the subject of defendant's right to deferred compensation and profit sharing (*see, Springer v Clark Publ. Co.*, 191 AD2d 922, 924, *lv dismissed* 82 NY2d 706; *Holdridge v Town of Burlington*, 32 AD2d 581, 581).

We do agree with plaintiff's assertion that the complaint should not have been dismissed against Halton. The complaint alleged that Halton—while employed by plaintiff—conspired with defendant to violate the nonpiracy and noncompetition provisions contained in defendant's employment agreement. While Supreme Court accurately noted that Halton was not a party to that agreement and that New York does not recognize civil conspiracy as an independent tort, " 'this case involves summary judgment, not sufficiency of the complaint, [and, thus, plaintiff's] failure to state a * * * cause of action in pleadings [is] not [a] sufficient [basis upon which] to permit unconditional summary judgment in favor of defendant, as a matter of law, if plaintiff's submissions provided evidentiary facts making out a cause of action' " (*Canonico v Hayes*, 127 AD2d 911, 913, quoting *Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280). It is well established that "an employee is prohibited from acting in any manner inconsistent with his or her employment and must exercise good faith and loyalty in performing his or her duties" (*Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d 788, 789; *see, Western Elec. Co. v Brenner*, 41 NY2d 291, 295), and "may not use his or her principal's time, facilities or proprietary secrets to build [a] competing business" (*Chemfab Corp. v Integrated Liner Tech., supra*, at 790).

Here, the affidavit of plaintiff's department manager also states that she witnessed Halton copying policies for defendant and another agency up to the time of her termination and that Halton assisted defendant in sending change of endorsement forms directly to insurers without going through the proper office channels. In her affidavit, Halton admitted that she had copied policies for defendant and another agency but claimed that it was proper office procedure and not an unusual practice. She also conceded that she had requested that change of endorsement forms be sent to insurance companies listing Anthony-Halton as the insurance agency, but averred that she was merely correcting errors that had been made in the policies. We find that these conflicting submissions are sufficient to raise a question of fact as to whether Halton was utilizing plaintiff's time and resources to create a competing business, thereby breaching her duty of loyalty to her employer (*see, id.*, at 790).

We have considered plaintiff's remaining contentions and find them to be without merit.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as dismissed the complaint against defendant Dianne Halton, and, as so modified, affirmed.