■ ROCHESTER LINOLEUM AND CARPET CENTER, INC., Doing Business as ROCHESTER FLOORING RESOURCE, Appellant-Respondent, v RONALD CASSIN, Respondent, and LANE BRETTSCHNEIDER et al., Respondents-Appellants. [878 NYS2d 219]—

Malone Jr., J. Cross appeals from an order of the Supreme Court (McNamara, J.), entered January 8, 2008 in Albany County, which partially granted defendants' motion to dismiss the complaint and/or for summary judgment.

Plaintiff sold and installed commercial flooring products manufactured by Mohawk Industries, Inc. In order to obtain a special rate, state agencies must purchase those products from dealers designated by Mohawk, and plaintiff was a specified dealer for the State University of New York at Stony Brook (hereinafter SUNY Stony Brook). Defendant Ronald Cassin worked for plaintiff, providing service to customers, including SUNY Stony Brook, and attempting to expand plaintiff's business.

In January 2006, Cassin left plaintiff's employ after discussions with defendant Lane Brettschneider, a principal of defendants Lane's Commercial Carpets North, Inc. (hereinafter referred to as LCCN) and Lane's Commercial Carpets North II, Inc. (hereinafter referred to as LCCN II). Cassin went to work for one or more of those principals or entities. In the months that followed, LCCN was added and plaintiff was dropped as a

specified dealer for SUNY Stony Brook. As a result, SUNY Stony Brook purchased Mohawk flooring products from LCCN.

Plaintiff thereafter commenced this action against Cassin, Brettschneider, LCCN and LCCN II. The complaint, as amended, asserted claims for wrongful interference with prospective economic advantage (first cause of action), unfair competition (third and fourth causes of action), prima facie tort (fifth cause of action) and punitive damages (sixth cause of action). Plaintiff also asserted that Cassin breached his duty of loyalty as an employee (second cause of action). Defendants moved to dismiss the complaint and/or for summary judgment. Supreme Court granted the motion in part, dismissing the first claim against Cassin and the remaining claims in full. Plaintiff appeals[1] and Brettschneider, LCCN and LCCN II (hereinafter collectively referred to as defendants) cross-appeal.

We affirm. Initially, a motion to dismiss or one for summary judgment may be stayed or denied pending further discovery (*see* CPLR 3211 [d]; 3212 [f]). To obtain such relief, plaintiff was obliged to provide some evidentiary basis for its claim that further discovery would yield material evidence and also "demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge" (*Scofield v Trustees of Union Coll. in Town of Schenectady*, 267 AD2d 651, 652 [1999]; *see Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]). Here, plaintiff provides nothing beyond speculation that further discovery would yield material evidence. Also, plaintiff could have obtained any such evidence from other sources. Mohawk, for example, is in the best position to explain why it altered the list of specified dealers for SUNY Stony Brook. Plaintiff could also rely on its own records to discover whether Cassin breached his duty of loyalty (*see Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d 788, 790 [1999]). Thus, we are unpersuaded that further discovery is needed prior to deciding defendants' motion.

Turning to the first cause of action, we do not agree with defendants that it fails to state a claim. Accepting the complaint's allegations as true, the first claim sufficiently alleges that defendants used wrongful or unlawful means to obtain a competitive advantage over plaintiff and that plaintiff would have consummated a contract with SUNY Stony Brook but for defendants' interference (*see B-S Indus. Contrs. v Burns*

---

1. Plaintiff does not address the dismissal of the fifth claim in its brief and any issue in that regard is deemed abandoned (*see Rosenblatt v Wagman*, 56 AD3d 1103, 1104 n [2008]).

*Bros. Contrs.*, 256 AD2d 963, 965 [1998]).[2] Nor were defendants entitled to summary judgment on the first claim, as the motion papers did not address their actions in any detail. Their failure to meet their initial burden on a summary judgment motion required denial (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

With regard to Cassin, his affidavit amply demonstrated that he did not "use . . . wrongful or unlawful means to secure a[n] . . . advantage over plaintiff[ ]" (*NBT Bancorp v Fleet/Norstar Fin. Group*, 215 AD2d 990, 990 [1995], *affd* 87 NY2d 614 [1996]).[3] In response, plaintiff alleged that Cassin solicited Mohawk and influenced its decision to remove plaintiff as a specified dealer for SUNY Stony Brook, but persuasion alone does not constitute wrongful or unlawful means (*see Carvel Corp. v Noonan*, 3 NY3d 182, 191 [2004]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]). Moreover, plaintiff's conclusory assertions that Cassin engaged in other wrongful or unlawful conduct are insufficient to raise a material question of fact and summary judgment for Cassin was appropriate (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Regarding the second claim, Cassin stated that he did not have any discussions with the principals of LCCN or LCCN II or otherwise decide to leave plaintiff's employment until the day before he told his supervisor of his decision, making it difficult to perceive how he could have breached his duty of loyalty to plaintiff (*see Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d at 789). Regardless, an employee "may secretly incorporate a competitive business prior to his departure as long as he does not use his principal's time, facilities or proprietary secrets to build the competing business" (*Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 88 [1984], *appeal dismissed* 63 NY2d 675 [1984]; *see Mega Group v Halton*, 290 AD2d 673, 675 [2002]). Cassin denied doing anything of this sort and plaintiff's nonspecific and conclusory assertions did not raise a material question of fact (*see Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 58 AD3d 657, 658 [2009]).

---

**2.** Contrary to defendants' contention, the pleading specificity requirement of CPLR 3016 (a) does not apply here, as the complaint does not assert a claim for defamation and alleges wrongful conduct beyond defamatory statements.

**3.** An exception to the wrongful or unlawful means requirement exists where defendants acted solely with the intent to inflict harm upon plaintiff, but such is inapplicable given plaintiff's admission that the goal of Cassin and defendants was "to divert business opportunities" to themselves (*see Carvel Corp. v Noonan*, 3 NY3d 182, 190-191 [2004]; *NBT Bancorp v Fleet/Norstar Fin. Group*, 215 AD2d at 993).

Plaintiff's remaining arguments can be briefly disposed of. Although plaintiff's unfair competition claims may rest upon the misappropriation of confidential information, there is no competent evidence in the record to suggest that such a misappropriation occurred (*see Chemfab Corp. v Integrated Liner Tech.*, 263 AD2d at 790). As for the punitive damages claim, such was improperly stated as a separate cause of action and was appropriately dismissed (*see Martin v Columbia Greene Humane Socy., Inc.*, 17 AD3d 839, 841 [2005]; *Pileckas v Trzaskos*, 126 AD2d 926, 927 [1987], *lv denied* 70 NY2d 601 [1987]).

Mercure, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.