ULLMANNGLASS et al., Respondents, v ONEIDA, LTD., et al., Appellants. [927 NYS2d 702]—

Malone Jr., J.

Plaintiff Ullmannglass is a German company and plaintiff Norbert Ullmann is its owner and president. As alleged in the complaint, defendants Oneida, Ltd., Oneida Silversmiths, Ltd. and Oneida Silversmiths, Inc. are corporations doing business in New York, and defendant James E. Joseph is their chief executive officer.* The parties had a business relationship that ended in 2005, following which plaintiffs entered into a contract with

* To the extent that defendants assert in their brief that Oneida Silversmiths, Ltd. is not an entity, they admit that this issue is not relevant to this appeal.

Inn Crystal Glass. The contract became effective on December 1, 2005, and was renewable on an annual basis. Plaintiffs allege that, in October 2006, prompted by communications with Joseph or other representatives of the Oneida corporations, Inn Crystal informed them that it would discontinue their agreement. Thereafter, plaintiffs commenced this action against defendants in October 2009 asserting three causes of action, namely tortious interference with a contract, tortious interference with economic relations, prospective contractual relations and/or business expectancy (hereinafter collectively referred to as tortious interference with prospective contractual relations), and injurious falsehood and business disparagement. Defendants made a pre-answer motion to dismiss the complaint on statute of limitations grounds and for failure to state a cause of action. Supreme Court partially granted the motion, by dismissing only the third cause of action for injurious falsehood and business disparagement on statute of limitations grounds. Defendants now appeal.

Defendants first argue that the remaining two causes of action should have been dismissed on statute of limitations grounds, asserting that the one-year limitation period applicable to defamation applied. A one-year statute of limitations applies to a claim sounding in defamation (*see* CPLR 215 [3]; *Ramsay v Mary Imogene Bassett Hosp.*, 113 AD2d 149, 151 [1985], *lvs dismissed* 67 NY2d 608, 1028 [1986]), whereas a claim for tortious interference with a contract is governed by a three-year statute of limitations (*see* CPLR 214 [4]; *Andrew Greenberg, Inc. v Svane, Inc.*, 36 AD3d 1094, 1099 [2007]), as is a tortious interference with prospective contractual relations claim (*see* CPLR 214 [4]; *see e.g. Besicorp, Ltd. v Kahn*, 290 AD2d 147, 150 [2002], *lv denied* 98 NY2d 601 [2002]). In determining which statute of limitations is applicable to a cause of action, it is " 'the essence of the action and not its mere name' " that controls (*Morrison v National Broadcasting Co.*, 19 NY2d 453, 459 [1967], quoting *Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]; *see Ramsay v Mary Imogene Bassett Hosp.*, 113 AD2d at 151).

Here, plaintiffs' first cause of action clearly describes the existence of a "specific contract[ ] with which . . . defendant[s] allegedly successfully interfered, albeit by words," thereby causing economic injury to plaintiffs (*Classic Appraisals Corp. v DeSantis*, 159 AD2d 537, 537 [1990]; *see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 48 [2009], *lv dismissed and denied* 14 NY3d 736 [2010]). The gravamen of plaintiffs' claim is an economic injury, not a reputational one and, accordingly,

we agree with Supreme Court's conclusion that a three-year statute of limitations is applicable and plaintiffs' first cause of action is not time-barred (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d at 48; *Mannix Indus. v Antonucci*, 191 AD2d 482, 483 [1993], *lv dismissed* 82 NY2d 846 [1993]; *Classic Appraisals Corp. v DeSantis*, 159 AD2d at 537). Similarly, the gravamen of plaintiffs' tortious interference with prospective contractual relations claim is defendants' interference with plaintiffs' ongoing relationship with Inn Crystal resulting in lost commissions and sales and service revenues and not, at its essence, reputational harm. As such, a three-year statute of limitations is also applicable to this claim and it also was not time-barred.

Turning to defendants' next contention, they assert that plaintiffs failed to sufficiently plead causes of action for tortious interference with a contract and tortious interference with prospective contractual relations. Liberally construing the complaint, treating all its allegations as true and giving plaintiffs the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1054 [2009]), we find that plaintiffs stated viable claims for tortious interference with a contract and tortious interference with prospective contractual relations.

" '[T]o sustain a claim for tortious interference with a contract, it must be established that a valid contract existed which a third party knew about, the third party intentionally and improperly procured the breach of the contract and the breach resulted in damage to the plaintiff' " (*Clearmont Prop., LLC v Eisner*, 58 AD3d at 1055, quoting *Bradbury v Cope-Schwarz*, 20 AD3d 657, 659 [2005]; *see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Butler v Delaware Otsego Corp.*, 218 AD2d 357, 360 [1996]). In their complaint, plaintiffs alleged that a valid contract existed between Ullmann and Inn Crystal, defendants were aware of the contract and they wrongly induced Inn Crystal to terminate it. Further, plaintiffs alleged that the contract was entered into in December 2005, and operated "on an annual basis," that they were informed by Inn Crystal in October 2006 that Joseph had advised it to terminate the contract and it "would have to discontinue the valid services agreement" with Ullmann due to "information . . . received from . . . Joseph." As a result, plaintiffs allege, they "suffered . . . substantial monetary loss from lost commissions and sales of goods and services." Contrary to defendants' assertions, liberally construing the complaint as a whole, plaintiffs use of the terms "discontinue" and "terminate" sufficiently allege that

the contract was breached. In light of the foregoing, plaintiffs sufficiently stated a claim for tortious interference with a contract and that portion of defendants' motion that sought to dismiss it was properly denied (*see Butler v Delaware Otsego Corp.*, 218 AD2d at 360).

Turning next to plaintiffs' claim of tortious interference with prospective contractual relations, we find that plaintiffs' complaint sufficiently sets forth "wrongful means" employed by defendants, and Supreme Court correctly permitted that cause of action to proceed. Generally, the "wrongful means" that make such interference actionable "must amount to a crime or an independent tort" (*Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614, 624 [1996]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 191 [1980]; *Lerwick v Kelsey*, 24 AD3d 918, 919 [2005], *lv denied* 6 NY3d 710 [2006]). Absent such a showing, an exception to the general rule must apply, such as where a defendant's conduct was motivated solely by malice (*Carvel Corp. v Noonan*, 3 NY3d at 190; *Lerwick v Kelsey*, 24 AD3d at 919). We agree with defendants that, standing alone, plaintiffs' conclusory allegations of malicious motives on defendants' part would be insufficient to avoid dismissal of this cause of action (*see John R. Loftus, Inc. v White*, 150 AD2d 857, 860 [1989]; *see also M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 490 [1995]). However, bearing in mind the favorable light by which we assess plaintiffs' complaint, we find their cause of action for tortious interference with contractual relations to be a sufficient independent cause of action providing the predicate wrongful conduct for their tortious interference with prospective contractual relations claim. Importantly, plaintiffs have alleged that the contract with which defendants interfered was an annual "ever green"—and thus automatically renewed—contract and, as such, defendants' tortious interference with that contract may have directly resulted in harm to its prospective contractual and business relations with Inn Crystal. Accordingly, Supreme Court properly denied that portion of defendants' motion as sought to dismiss plaintiffs' second cause of action for failure to state a cause of action.

Peters, J.P., Spain, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.