L.I. City Ventures LLC v Sismanoglou (2018 NY Slip Op 01259)





L.I. City Ventures LLC v Sismanoglou


2018 NY Slip Op 01259


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5795 155156/16

[*1]L.I. City Ventures LLC doing business as Modern Spaces, Plaintiff-Respondent,
v
John Sismanoglou, et al., Defendants, Hercules Argyriou, et al., Defendants-Appellants.


McManus, Ateshoglou Adams, Aiello & Apostolakos, PLLC, New York (Steven D. Ateshoglou of counsel), for appellants.
Warshaw Burstein LLP, New York (Andrew Coyle of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered November 30, 2016, which, insofar as appealed from, denied Hercules Argyriou, Paul Apostolakis, Mega Contracting Group LLC, and M25 Properties LLC's motion to dismiss the causes of action for unjust enrichment and tortious interference as against them, unanimously affirmed, with costs.
Plaintiff seeks to recover, inter alia, a commission allegedly due on the sale of certain real property, based upon an exclusive brokerage agreement entered into with defendant 25th Avenue Realty NY LLC. The complaint alleges that defendants Argyriou, Apostolakis, and Mega created defendant M25 (together, the buyers) to purchase the property, that Mega is the true purchaser, and that the buyers transferred the property via a two-step transaction for the purpose of evading the discovery of the purchase and the payment to plaintiff of its commission.
The complaint states a cause of action for unjust enrichment against the buyers by alleging facts sufficient to establish a relationship that caused reliance or inducement between them and plaintiff (see generally Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). It alleges that Apostolakis had direct dealings with plaintiff concerning Mega's potential purchase of the property, that Apostolakis knew that plaintiff was the exclusive broker for the property, and that these dealings led to M25's purchase of the property, through Argyriou. Apostolakis's knowledge is imputable to the remaining buyers because of the nature of their relationships in this alleged scheme to deprive plaintiff of a commission (see Philips Intl. Invs., LLC v Pektor, 117 AD3d 1, 7 [1st Dept 2014]). The associated savings constitutes the buyers' enrichment (see Manufacturers Hanover Trust Co. v Chemical Bank, 160 AD2d 113, 118 [1st Dept 1990], lv denied 77 NY2d 803 [1991]).
The complaint states a cause of action for tortious interference with contract by alleging that Apostolakis had substantive dealings with plaintiff, from which it can be inferred that he knew of the exclusive brokerage agreement, that defendants used a two-step transaction to sell the property, and that the ultimate purchaser was an entity created only weeks earlier (see e.g. Butler v Delaware Otsego Corp., 218 AD2d 357, 360—361 [1st Dept 1996]).
Contrary to the buyers' contention, "a corporate officer who participates in the commission of a tort may be held individually liable, . . . regardless of whether the corporate veil [*2]is pierced" (Fletcher v Dakota, Inc., 99 AD3d 43, 49 [1st Dept 2012] [internal quotation marks omitted]; see also Ramos v 24 Cincinatus Corp., 104 AD3d 619, 620 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK