■ COUNTY OF SULLIVAN, Appellant, v TOWN OF THOMPSON et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered September 3, 1982 in Sullivan County, which denied plaintiff's motion for injunctive relief and granted defendants' cross motion to dismiss the complaint. On July 12, 1982, the Sullivan County Board of Supervisors adopted Local Law No. 6 of 1982 providing for weighted voting. Before this local law became effective, the town boards of the Towns of Thompson and Mamakating adopted resolutions retaining defendant Stephen Oppenheim to bring an action in Federal court on their behalf challenging the constitutionality of the local law. The towns' action prompted this lawsuit in which the County of Sullivan is named plaintiff. Its aim is to restrain the towns, their supervisors and board members from expending public funds for fees or expenses and to enjoin defendant Oppenheim from accepting, or if already accepted, to repay, any such funds received on account of the processing of any action brought to contest the validity of Local Law No. 6. Plaintiff's application by order to show cause for an order enjoining defendants from proceeding during the pendency of this suit was met by a cross motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 3). A supporting affirmation on the cross motion charged, among other things, that this litigation had not been authorized by the Sullivan County Board of Supervisors. Special Term dismissed the complaint and this appeal followed. Although defendants in their brief assert, and it is not contradicted, that the Federal action has since proceeded to judgment and reapportionment has been ordered, this appeal retains its vitality at least with respect to the related issue of whether the towns' funds were wrongfully spent or appropriated. Since commencement of this suit by the County Attorney has not been shown to have been authorized by the board of supervisors, the complaint was properly dismissed. The County Attorney's relationship with the county is akin to that of any attorney with a private client (*South Buffalo Terminals v Grobe,* 148 Misc 646, 651, affd 239 App Div 881). Although the attorney advises and takes action when authorized, he cannot act beyond the scope of his authority, which in this case is bestowed by section 501 of the County Law. That section, in pertinent part, reads: "The county attorney shall be the legal advisor to the board of supervisors and every officer whose compensation is paid from county funds in all matters involving an official act of a civil nature. The county attorney shall prosecute and defend all civil actions and proceedings brought

by or against the county, the board of supervisors and any officer whose compensation is paid from county funds for any official act, except as otherwise provided by this chapter or other law." The statute makes it quite clear that it is the county and the board of supervisors who are empowered to bring civil actions and proceedings; the county attorney's authority is limited to prosecuting them. While he may also perform "such additional and related duties as may be * * * directed by the board of supervisors" (County Law, § 501, subd 3), the source of the county attorney's power to initiate this action in the name of the county lies neither in statute, resolution nor ratification (see *Town of Thompson v Alleva,* 76 AD2d 1022, app dsmd 53 NY2d 839; *County of Broome v Board of Educ.,* 65 Misc 2d 418, 422). The capacity of the County Attorney to press this claim cannot be inferred, as plaintiff suggests, from the board of supervisors' Resolution No. 302 of 1982 which permits the County Attorney "to retain such persons or firms as may be necessary to provide legal and other services in connection with any action or proceeding relating to challenging the validity of Local Law No. 6 of 1982, and [to] defend any such action". Promulgation of this resolution is an acknowledgment of the need for authorization for the County Attorney to act. Moreover, this resolution specifically limits the County Attorney's involvement to defending actions. Initiating an independent lawsuit is an offensive maneuver, one that requires affirmative authorization if it is to have authenticity. None being found, the action was properly dismissed. Order affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.