■ CARLA COHEN, Appellant, v NORMAN FEIDEN, Respondent. [624 NYS2d 448] —In an action, inter alia, to recover damages for

defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Gowan, J.), dated February 2, 1993, which granted the defendant's motion to dismiss the complaint in its entirety pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

In a prior related appeal, this Court reversed an order of the Honorable Norman Feiden of the Nassau County Family Court and granted the plaintiff's cross motion to recuse Judge Feiden, the defendant in this case. The plaintiff's motion was based on the premise that certain of the defendant's in-court remarks, as well as his out-of-court remarks to a Newsday reporter, showed that he allowed his personal religious biases to influence a custody/visitation determination *(Matter of Cohen v Cohen,* 172 AD2d 522). The plaintiff subsequently commenced the present action for monetary damages alleging, among other things, that those prejudicial remarks by the defendant defamed her.

Both the defendant and the plaintiff practice the Jewish religion, and the plaintiff is raising her children in the Jewish faith. While the defendant was presiding over a custody proceeding in which the plaintiff was a party, he made the following comments about the plaintiff's secular practice of setting up a Christmas tree and exchanging Christmas gifts with her children: "It's very Christian. It's idol worship." Additionally, in a subsequent interview with a Newsday reporter, the defendant responded to certain remarks made by the plaintiff as follows: "I understand the Christmas tree to be an expression of devotion by people who actively practice the Christian faith. For [the plaintiff] to be using a devout celebration to be merely decorative and then using it as an excuse to manipulate the custody situation is not acceptable."

Although these remarks were ill-chosen and resulted in the defendant's recusal in the custody matter, they were not defamatory. All of the defendant's statements constituted constitutionally-protected expressions of his personal opinion that the plaintiff, as a practicing Jew, should not be participating in and exposing her children to Christian rituals and customs and/or using them to influence the court's visitation determination *(see, e.g., Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 248-256, *cert denied* 500 US 954; *Steinhilber v Alphonse,* 68 NY2d 283, 289; NY Const, art I, § 8).

The statements were not in any way factual in nature; they were not "capable of being objectively characterized as true or false" *(Steinhilber v Alphonse, supra,* at 292, quoting *Ollman v*

*Evans,* 750 F2d 970, *cert denied* 471 US 1127). They were statements of pure opinion by the speaker and thus not actionable under State or Federal defamation law. The defendant's in-court statements were further protected by the absolute privilege and/or the complete immunity afforded a Judge while speaking or acting in a judicial capacity *(see, e.g., Park Knoll Assocs. v Schmidt,* 59 NY2d 205; *Toker v Pollak,* 44 NY2d 211).

The plaintiff's cause of action for intentional infliction of emotional distress is likewise without merit. The defendant's words and actions were not " ' "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" ' ", which is the threshold that must be met to succeed on such a claim *(see, Howell v New York Post Co.,* 81 NY2d 115, 122; *Fischer v Maloney,* 43 NY2d 553, 557; *Misek-Falkoff v Keller,* 153 AD2d 841, 842).

Finally, the plaintiff failed to state a claim for violation of her civil rights under Civil Rights Law § 40-c. Lawrence, J. P., Ritter, Hart and Goldstein, JJ., concur.