OPINION OF THE COURT
Kenneth W. Rudolph, J.
The County of Rockland (Rockland) maintains separate proceedings against the Town of Clarkstown (Clarkstown) and *368 the Town of Ramapo (Ramapo) to compel the subject Towns to add deficits caused by County revenue chargebacks to the Town’s portion of each annual budget pursuant to CPLR article 78 and Real Property Tax Law § 726 (4).
The subject proceedings are not consolidated. Nevertheless Clarkstown and Ramapo have moved separately on the same issue pursuant to CPLR 3211 (a) (3) to dismiss the petitions of Rockland on the grounds that the County Attorney lacks the capacity to commence these proceedings having failed to receive authorization from the Rockland County Legislature. Therefore, for the sole purpose of deciding these motions, the court will consider the matters jointly.
Respondents argue that the County Attorney commenced litigation without prior authorization of the Rockland County Legislature, and that the actions are defective and must be dismissed. Petitioner submits that these proceedings have been authorized by the County Executive of Rockland County who is the chief administrative officer of the County and who has the legal authority to initiate the proceedings to compel Town compliance with the Real Property Tax Law.
The ultimate relief sought by the County of Rockland is not at issue in the determination of these motions. Rather at issue is the legal capacity of the County Attorney to have commenced these proceedings without authorization from the Rockland County Legislature. It is conceded by the papers before this court that legislative authority was not given to the County Attorney. It is equally clear from the documentation submitted that the County Executive authorized the filing of these actions against Clarkstown and Ramapo.
In the petition for relief Rockland maintains that when required and upon court order, Rockland annually issues refunds on real estate tax payments. The County also annually apportions these tax refunds and they are charged back to the taxing authority. In this case, the Towns of Clarkstown and Ramapo. Rockland County maintains that Real Property Tax Law § 726 (4) requires towns to add the amount of deficit created by the chargebacks to the next annual budget. It is not alleged that the chargebacks are not being paid nor is it conceded that the Towns are not in compliance with the Real Property Tax Law. The respondent Towns have reserved their right to answer the petition upon the court’s determination of the objections in point of law pursuant to CPLR 7804 (f).
*369 COUNTY LAW
County Law § 500 (1) provides in part that "the board of supervisors of each county shall appoint a * * * county attorney”. Further, section 501 (1) provides that "[T]he county attorney shall be the legal advisor to the board of supervisors”. In addition, section 501 (3) provides that the "county attorney shall perform such additional and related duties as may be prescribed by law and directed by the board of supervisors.” (Emphasis added.)
COUNTY CHARTER
Rockland County Charter, article XVI, § C16.01 provides the County Attorney shall "be appointed by and serve at the pleasure of the County Executive, subject to confirmation by the Legislature”. Further, section C16.02 provides "The County Attorney shall be the legal advisor of the county and all county agencies on civil matters and shall prosecute or defend all actions or proceedings of a civil nature brought by or against the county. He shall have and exercise such other and related powers and duties as may be conferred or imposed upon him by law and perform such other related duties required by the County Executive or the Legislature” (emphasis added). It is important in viewing this matter to observe the difference in origin of appointment, and authority in office that exists between the County Law and the Rockland County Charter. In County of Sullivan v Town of Thompson (99 AD2d 574, 575) the Court examined the legal capacity of the County Attorney to institute a civil lawsuit on behalf of the County, and concluded that "[T]he statute [County Law § 501] makes it quite clear that it is the county and the board of supervisors who are empowered to bring civil actions and proceedings; the county attorney’s authority is limited to prosecuting them”. In the absence of the adoption of the Rockland County Charter, clearly County Law § 501 would be applicable and County of Sullivan v Town of Thompson (supra) would be controlling whether the County Attorney acted on his own as he appeared to be in that case or whether he acted upon the authority of the County Executive as in the case at bar.
MUNICIPAL HOME RULE LAW
In order to resolve the conflict between the County Law and the Rockland County Charter a review of article 4 of the Municipal Home Rule Law (designated as the County Charter Law) is required. Pursuant to Municipal Home Rule Law § 33 *370 the Board of Supervisors of any county has the power to adopt a County Charter. Further, pursuant to Municipal Home Rule Law § 33 (3) (b) the County Charter, as adopted, shall provide for "The agencies or officers responsible for the performance of the functions, powers and duties of the county and * * * the manner of election or appointment.”
At a referendum held on November 6, 1984 the voters of Rockland County approved a charter adopted by the County Board for the government of the County. The charter became effective by operation of law in 1986.
The limitations and restrictions (Municipal Home Rule Law § 34) imposed by the State Legislature on the powers of counties to adopt County Charters does not preclude the powers and duties of the County Attorney as enacted in article XVI, §§ 16.01 and 16.02 (supra). In addition, article I, § C1.03 of the Rockland County Charter provides that "Within the limits prescribed in Article 4 of the Municipal Home Rule Law, wherever and whenever any state law * * * is inconsistent with this law * * * such law shall be deemed to the extent of such inconsistency to be superseded by this law insofar as the County of Rockland and its government are affected.” To the extent, therefore, that the powers, duties and authority of the County Attorney to act as prescribed in section C16.02 are inconsistent with the County Law, the County Law is superseded.
The County Executive is empowered by the County Charter to authorize the County Attorney to commence civil litigation to enforce any of the duties and functions lawfully designated to the County Executive.
It remains to determine whether the County Executive duties relate to the financial issues at bar. Again the court turns to the County Charter.
Pursuant to article III, § C3.02, the County Executive of Rockland County is the chief budget officer of the County and possesses all necessary incidental powers to perform and exercise any of the duties and functions.
In his capacity as chief budget officer of the County of Rock-land, the County Executive appoints the Commissioner of Finance (art XVII, § 17.01) whose obligation (§ 17.02), inter alia, is to perform all of the fiscal duties of the chief fiscal officer of the County.
At issue in this case is the petitioner’s contention that pursuant to Real Property Tax Law § 726 (4) County chargebacks occasioned by tax refunds should be added to the Town’s por *371 tion of taxes to be raised when in fact the Towns of Clarkstown and Ramapo add the chargebacks to the County’s portion of the annual tax bill.
In that capacity, and prior to the commencement of these proceedings, the Commissioner of Finance communicated with the respondents in writing, on June 2, 1995, as follows:
"I have been reviewing the manner in which chargebacks to towns, school districts, etc. are being made on the tax bills that are sent out by the municipality.
"The way in which County chargebacks have been handled by adding them to the County’s portion of the amount to be raised by taxation is incorrect according to state law. Subdivision (4) of Section 726 provides that the amounts of charge-backs to a city, town, village, school district or special district shall be included in the next annual budget or estimate of such city, town, village, school district or special district. To sum up, the County’s chargeback to you shall be added to your town’s portion of the taxes to be raised.”
The request of the Commissioner of Finance was rejected by respondents. Thereafter, the County Executive by notice dated October 13, 1995 authorized the County Attorney to commence the subject proceedings.
Clearly, the County Executive’s duties, as imposed by the County Charter, relate to the financial issues at bar.
Under all the facts and circumstances thus presented the County Attorney of Rockland was properly empowered to commence the civil proceedings, and respondents’ motion to dismiss pursuant to CPLR 3211 (a) (3) be and the same are hereby denied.