[665 NYS2d 697]

ANNETTE ESPOSITO-HILDER, Respondent, v SFX BROADCASTING, INC., et al., Appellants.

Third Department, November 26, 1997

### APPEARANCES OF COUNSEL

*Baker & McKenzie,* New York City *(Brian S. Cousin* of counsel), for appellants.

*Murphy, Burns, Barber & Murphy, L. L. P.,* Albany *(Norah M. Murphy* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J. P.

We are called upon to decide whether Supreme Court properly denied defendants' motion to dismiss the complaint for failure to state a cause of action. Resolution of this question implicates a more troublesome one: may conduct which is not actionable as defamation, by reason of being an expression of opinion, nonetheless be the subject of an action for intentional infliction of emotional distress? We conclude, under the unique factual circumstances presented herein, that it may, where (a) the aggrieved party is a private individual rather than a public figure, (b) the conduct in question involved no matter of public interest or concern, and (c) the status of the parties as business competitors is relevant to an evaluation of defendants' conduct insofar as an intent to injure is concerned.

Plaintiff commenced this action in July 1996 by filing a summons with notice indicating that it was an action for intentional infliction of emotional distress. After receipt of plaintiff's complaint, defendants moved to dismiss for failure to state a cause of action and for failure to plead libel or slander with the requisite particularity under CPLR 3013 and 3016 (a). In addition to opposing defendants' motion, plaintiff cross-moved for leave to amend the complaint or, in the alternative, to conduct discovery, and submitted a proposed amended complaint to Supreme Court. The court denied defendants' motion to dismiss, granted plaintiff leave to amend the complaint and proceeded to consider the sufficiency of the amended complaint, finding that it stated a cause of action for intentional infliction of emotional distress. This appeal ensued.

We begin our discussion by noting that upon a motion pursuant to CPLR 3211 (a) (7), we accord the complaint a liberal

construction, assume its factual allegations to be true, draw every possible favorable inference therefrom and determine only whether any cognizable cause of action has been alleged (*see*, CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87). Plaintiff's amended complaint* alleges the following. The corporate defendants are the owners and operators of radio station WPYX-FM which serves Schenectady, Albany and Rensselaer Counties, the individual defendants are disc jockeys employed by WPYX-FM, and plaintiff is the business manager of a competing broadcasting company which owns and operates several radio stations serving the same area.

On June 17, 1996, plaintiff's bridal photograph was published in a local newspaper along with those of other brides. That same day, during WPYX-FM's morning broadcast, defendants engaged in a routine known as the "Ugliest Bride" contest during which they made derogatory and disparaging comments about plaintiff's appearance and invited their listening audience to do the same. Plaintiff further alleges that defendants deviated from the ordinary routine of this "contest" by disclosing her full name, place and position of employment, as well as the identity of, and her relations with, her superiors. Plaintiff further alleges that she heard this broadcast as did her supervisors and colleagues, and that as a result of its outrageously offensive content she experienced extreme emotional distress exacerbated by its occurrence at the time because she was a newlywed.

Defendants contend that notwithstanding its characterization as a claim for the intentional infliction of emotional distress, plaintiff's claim is in reality one of defamation and that, as such, it is not actionable because the conduct in question qualifies as constitutionally protected expression of opinion. Supreme Court held, and we agree, that if plaintiff's claim was in fact for defamation, it would fail because under no circumstances would it be reasonable to consider the content of defendants' broadcast as anything but pure, subjective opinion. Since, however, plaintiff's complaint is based not upon defamation but upon the tort of intentional infliction of emotional distress, albeit arising out of the same conduct, it becomes necessary to consider the question of whether such an action may be maintained.

---

* The only significant change in the amended complaint is the elimination of the adjective "defamatory" from the catalog of other adjectives used to describe defendants' conduct.

We acknowledge that it is well-settled law that "expressions of an opinion 'false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions' " (*Steinhilber v Alphonse*, 68 NY2d 283, 286, quoting *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380, *cert denied* 434 US 969). Likewise, we observe that the tort of intentional infliction of emotional distress has received very little judicial solicitude (*see, Hustler Mag. v Falwell*, 485 US 46). Indeed, Chief Judge Kaye noted in *Howell v New York Post Co.* (81 NY2d 115, *mod* 82 NY2d 690) that of those claims considered by the Court of Appeals, "every one has failed because the alleged conduct was not sufficiently outrageous" (*id.*, at 122). Emphasizing that we decide this question in the narrow context in which it occurs, i.e., whether the complaint should be dismissed for failure to state a cause of action, we conclude that under the unique factual circumstances herein presented, Supreme Court properly denied defendants' motion, and we affirm.

Our analysis benefits from consideration of decisions in which the viability of this tort in like contexts has been addressed. In *Cohen v Feiden* (213 AD2d 696), dual claims of defamation and intentional infliction of emotional distress were based upon a Judge's ill-chosen remarks to parties in the course of a custody proceeding. Holding that the remarks were "statements of pure opinion by the speaker and thus not actionable" (*id.*, at 698), the Second Department went on to consider the emotional distress claim and found it to be likewise without merit upon the ground that the threshold of outrageousness was not satisfied by the remarks in question. Implicit in this determination, of course, is that resolution of the opinion issue is not dispositive of the emotional distress claim. Similarly, in *Howlett v Bloom* (239 AD2d 389), the Second Department upheld a grant of summary judgment based upon the fact that the alleged defamatory statement was pure opinion and therefore not actionable, and it separately upheld the dismissal of the emotional distress claim as being without merit.

In *Howell v New York Post Co.* (81 NY2d 115, *supra*), the Court of Appeals undertook a task similar to ours in considering the "relationship between two separate but potentially overlapping torts: intentional infliction of emotional distress, and invasion of the right to privacy" (*id.*, at 118). After reviewing the history and evolution of this tort, the Court observed that "[t]he tort is as limitless as the human capacity for cru-

elty. The price for this flexibility in redressing utterly reprehensible behavior, however, is a *tort that,* by its terms, *may overlap other areas of the law, with potential liability for conduct that is otherwise lawful"* (*id.,* at 122 [emphasis supplied]). After deciding that the defendants' conduct did not support a claim for invasion of the right to privacy, the Court said that the "[d]efendants would have our analysis end here—without considering whether plaintiff has stated a cause of action for intentional infliction of emotional distress—arguing that the tort may not be used as an end run around a failed right to privacy claim" (*id.,* at 125). This the Court declined to do, stating that "[w]e do not mean to suggest, however, that a plaintiff could never defeat the privilege and state a claim for intentional infliction of emotional distress" (*id.,* at 126).

Turning to a consideration of the specific factual circumstances attendant to the conduct in question here, we attach particular significance to several factors. First, plaintiff is a private individual and not a "public figure". Second, the nature of the communications made by defendants involved a matter of virtually no "public interest"; there is an inference that defendants' conduct represented a deliberate intent to inflict injury upon plaintiff based upon the claimed unprecedented expansion of its standard "routine" of the "Ugliest Bride" contest to include particulars concerning plaintiff's name, employer, supervisors and the like, and the fact that the parties are business competitors in the radio broadcast industry.

We are not unmindful of the constitutional issues implicated in this case and in our resolution thereof. In the quest for the proper accommodation between the right of redress for infliction of injury and the freedoms of speech and expression protected by the 1st Amendment, we have determined that the State's relatively strong interest in compensating individuals for harm outweighs the relatively weak 1st Amendment protection to be accorded defendants. It is elementary that not all speech or expression is to be accorded equal 1st Amendment protection; the most jealously protected speech is that which advances the free, uninhibited flow of ideas and opinions on matters of public interest and concern; that which is addressed to matters of private concern, or focuses upon persons who are not "public figures", is less stringently protected (*see, Hustler Mag. v Falwell,* 485 US 46, *supra; Dun & Bradstreet v Greenmoss Bldrs.,* 472 US 749; *Gertz v Robert Welch, Inc.,* 418 US 323). Moreover, among the forms of communication, broadcasting enjoys the most limited 1st Amendment protection (*see,*

*Federal Communications Commn. v Pacifica Found.*, 438 US 726).

As to defendants' alternative contention that their conduct is protected comedic expression, we note that comedic expression does not receive absolute 1st Amendment protection. Instead, it can be actionable where "humor is used in an attempt to disguise an attempt to injure" (*Frank v National Broadcasting Co.*, 119 AD2d 252, 261-262). The allegations of the amended complaint allege an intent to injure, which satisfies the limited inquiry before us.

Finally, we note that our decision today does no more than permit plaintiff's lawsuit to proceed. Whether and to what extent the allegations of her complaint ultimately satisfy the stringent requirements for the tort will be determined upon further proceedings.

CASEY, J. (concurring). The only issue to be decided on this appeal is whether plaintiff's amended complaint sufficiently states a cause of action for intentional infliction of emotional distress. Inasmuch as the complaint is, in my view, legally sufficient for this purpose, I agree in the result reached by the majority which sustains the amended complaint.

WHITE, YESAWICH JR. and SPAIN, JJ., concur with MIKOLL, J. P; CASEY, J., concurs in a separate opinion.

Ordered that the order is affirmed, with costs.