■ G. H. Dorety Construction, Inc., Respondent, v Joseph Francese, Inc., et al., Appellants. (And a Third-Party Action.) [675 NYS2d 181] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered November 24, 1997 in Rensselaer County, which denied defendants' motion to dismiss the complaint for failure to state a cause of action.

This action arises out of a contract for the construction of an elementary school in the City of Troy, Rensselaer County, entered into in July 1991 between the Enlarged City School District of Troy (hereinafter the District) and defendant Joseph Francese, Inc., as general contractor. The contract provided for completion within an estimated 395 days. In October 1991, Francese subcontracted with plaintiff for the performance of a portion of the construction work. In July or August 1993, the District terminated its contract with Francese and assumed the subcontract between Francese and plaintiff, who rendered services thereunder and was paid directly by the District. Construction was completed in September 1993, approximately one year after the estimated completion date.

Plaintiff commenced this breach of contract action against Francese seeking damages as a result of delays and interference allegedly caused by Francese's failure to adequately perform its duties as general contractor. Following some discovery, defendants moved to dismiss the complaint for failure to state a cause of action. Defendants appeal from Supreme Court's denial of the motion.

In determining a CPLR 3211 (a) (7) motion, the court must "accord the complaint a liberal construction, assume its factual

allegations to be true, draw every possible favorable inference therefrom and determine only whether any cognizable cause of action has been alleged" (*Esposito-Hilder v SFX Broadcasting*, 236 AD2d 186, 187-188). To defend such a motion, a plaintiff need not offer evidentiary support (*see, Hejna v Reilly*, 237 AD2d 809; *De Pan v First Natl. Bank*, 98 AD2d 885). Reviewing the complaint herein, we find that Supreme Court properly denied the motion to dismiss. Plaintiff has set forth, with sufficient particularity, the terms of the contract upon which its claim is predicated and facts alleging a breach of those terms. Defendants' challenge to plaintiff's calculation of damages is not within the purview of its motion to dismiss pursuant to CPLR 3211 (*see, Dunn v Commercial Union Ins. Co.*, 27 AD2d 240, 242-243).

Mercure, White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.