■ ELAINE C. BERGLER, Respondent, v ROLAND M. BERGLER, Appellant. [732 NYS2d 616] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of defendant's motion seeking dismissal of the complaint for failure to state a cause of action. "In determining a CPLR 3211 (a) (7) motion, the court must 'accord the complaint a liberal construction, assume its factual allegations to be true, draw every possible favorable inference therefrom and determine only whether any cognizable cause of action has been alleged' " (*Dorety Constr. v Joseph Francese, Inc.,* 252 AD2d 656, 656-657, quoting *Esposito-Hilder v SFX Broadcasting,* 236 AD2d 186, 187-188). Here, plaintiff sufficiently set forth the terms of the parties' Property Settlement Agreement concerning plaintiff's interest in defendant's Deferred Compensation Agreement and alleged that defendant breached the parties' agreement when his partnership terminated the Deferred Compensation Agreement.

Further, the court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint because defendant failed to establish his entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). It is well settled that nonvested deferred compensation is marital property subject to equitable distribution (*see, Burns v Burns,* 84 NY2d 369, 376) and thus, contrary to defendant's contention, plaintiff had an interest in the Deferred Compensation Agreement when defendant and

his partners terminated it. (Appeal from Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.