■ RAYMOND A. ELLIOTT, JR., Respondent, v QWEST COMMUNICATIONS CORPORATION et al., Appellants. [808 NYS2d 443]—

Carpinello, J. Appeal from an order of the Supreme Court (McNamara, J.), entered November 24, 2004 in Albany County, which, inter alia, partially denied defendants' motion for summary judgment.

In September 1995, plaintiff responded to a written offer to purchase preferred stock in defendant Phoenix Network, Inc. by wiring $50,000 to Phoenix's bank. Despite his completion of paperwork in October 1995, a supplemental request for information in January 1996 and an assurance by a Phoenix representative at that time that his stock was "in process," plaintiff never received the stock certificate evidencing his investment. Significantly, he made no further inquiries regarding the matter until 2002,[1] when he contacted defendant Qwest Communications Corporation, which had acquired Phoenix in 1998. After Qwest advised plaintiff that it had no record of his investment and refused his demand for return of the $50,000, plaintiff commenced this action in 2003 asserting claims for money had and received, conversion and unjust enrichment. While defendants

1. Notably, plaintiff received no dividend checks during this entire time period (other than a purported partial dividend check for $6.20 in December 1995), even though the investment promised dividend interest at 9%.

were successful in having the first two causes of action dismissed on statute of limitations grounds, Supreme Court failed to dismiss the unjust enrichment claim. This was error.

A cause of action for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution" (*Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503 [1993]). Even assuming that the unjust enrichment claim is legally cognizable under these facts,[2] it clearly accrued in 1995 (when plaintiff wired the money) or, at the latest, in 1996 (when Phoenix requested additional information and failed to timely issue a stock certificate). Thus, this claim is barred by the six-year statute of limitations (*see* CPLR 213 [1]). In this regard, we simply disagree with Supreme Court's analysis that the funds rightfully received by Phoenix in 1995 did not become wrongfully retained until plaintiff's purported ownership interest was actually repudiated (*compare Sitkowski v Petzing*, 175 AD2d 801 [1991]).

By arguing that his unjust enrichment claim did not accrue until his 2002 demand was refused,[3] plaintiff is, in effect, seeking to avail himself of the unique tolling provisions applicable to claims arising out of a fiduciary relationship which do not accrue "until the fiduciary has openly repudiated his or her obligation" (*Westchester Religious Inst. v Kamerman*, 262 AD2d 131, 131 [1999]). No such fiduciary relationship existed here between plaintiff and Phoenix because his acceptance of the stock purchase offer was a simple business transaction between a potential investor and a company soliciting such investors (*see generally Paine Webber Real Estate Sec., Inc. v D.G. Meyer & Co.*, 835 F Supp 116, 119 [1993], *affd* 9 F3d 242 [1993]). Since the unjust enrichment claim was time-barred, it too should have been dismissed by Supreme Court.

In light of our decision, defendants' remaining contentions are rendered academic.

Mercure, J.P., Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion; motion granted in its entirety, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.

---

2. It appears that this action would have been more appropriately pleaded as a breach of contract claim (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]).

3. We also reject plaintiff's alternate argument that Qwest's 1998 acquisition of Phoenix without acknowledging his ownership interest was a "wrongful act."