■ County of Niagara, Respondent, v Town of Royalton, Appellant. [849 NYS2d 822]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 31, 2007. The order denied defendant's pre-answer motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order denying its pre-answer motion seeking dismissal of the complaint on the grounds that plaintiff, County of Niagara (County), lacks the capacity to sue and that the action is time-barred. Contrary to defendant's contention, the County was authorized by a resolution of the County Legislature to commence this action through the County Attorney and thus did not lack capacity to sue (cf. County of Sullivan v Town of Thompson, 99 AD2d 574, 574-575 [1984]). In addition, the six-year statute of limitations applies to this action because it is one for "money had and received [and thus] is one of quasi-contract or of contract implied-in-law" (Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata, 78 NY2d 128, 138 [1991]; see CPLR 213 [2]; see also Strough v Jefferson County, 119 NY 212, 219-220 [1890]), and this action thus is not time-barred. We have considered defendant's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.

■ Anthony S. Pignataro, Appellant, v Denis A. Scinta, Esq., et al., Respondents. [849 NYS2d 822]—Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered October 16, 2006. The order denied the motion of plaintiff for leave to renew his opposition to defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs for reasons stated in the decision at Supreme Court. Present—Hurlbutt, J.P., Centra, Peradotto and Pine, JJ.