Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 1, 2007, which granted defendant’s motion to dismiss the complaint, unanimously affirmed, without costs.
The causes of action for breach of contract, conversion and breach of fiduciary duty are barred by the applicable statutes of limitation. These claims accrued in 1998 when defendant failed to issue stock certificates “within days,” as specified in the stock purchase agreement that plaintiff signed in June of that year (see Klein v Conte, 212 AD2d 363 [1995]), or at the latest in 1999 when the promissory note was signed.
The conversion claim also fails because such a cause of action cannot be predicated on a mere breach of contract, and no independent facts are alleged giving rise to tort liability (Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 269 [2003]). The cause of action for breach of fiduciary duty also fails because no such relationship was created by the 1998 agreement. Rather, it was “a simple business transaction between a potential investor and a company soliciting such investors” (Elliott v Qwest Communications Corp., 25 AD3d 897, 898 [2006]). Concur—Saxe, J.E, Nardelli, Moskowitz, Renwick and Freedman, JJ.