■ LAWRENCE A. DAVIS, Also Known as LARRY DAVIS, Individually and as Shareholder of COMBINED SOLUTIONS, INC., and as a Member of CORNERSTONE TELEPHONE COMPANY, LLC, Appellant, v CORNERSTONE TELEPHONE COMPANY, LLC, et al., Respondents. [878 NYS2d 800]—

Rose, J.P. Appeal from an amended order of the Supreme Court (Platkin, J.), entered June 13, 2008 in Albany County, which, among other things, granted defendants' motion to dismiss the amended complaint.

During the first half of 2001, plaintiff allegedly gave a total of $100,000 to defendants Daniel J. Yamin Jr. and Donald J. Walsh in exchange for their promise that he would be a part owner of Combined Solutions, Inc., the telecommunications consulting corporation that they were forming. Plaintiff never received any shares of stock in Combined Solutions or a second company, CSTC, LLC, which Combined Solutions formed in June 2001 and which Yamin and Walsh later used to compete with plaintiff's own telecommunications business. Despite this and a newspaper article in January 2002 reporting that plaintiff had stated that he "didn't loan them money to compete against me," he did not commence this action to recoup his investment until August 2007. In a lengthy amended complaint comprising 155 pages, 389 paragraphs and 21 exhibits, plaintiff seeks to recover damages under many legal theories. Defendants moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint on the grounds that its claims are barred by the applicable statutes of limitations (*see* CPLR 213 [1], [2], [3]; 214 [4]) and fail to state a cause of action. Plaintiff cross-moved for leave to again amend his complaint. Supreme Court granted defendants' motion and denied plaintiff's cross motion, prompting this appeal.

When a court considers a motion under CPLR 3211, it "must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Westbank Contr., Inc. v Rondout Val. Cent. School Dist.*, 46 AD3d 1187, 1188 [2007]). However, even after applying these principles to plaintiff's prolix complaint, we find that only his arguments regarding his second and fourth causes of action warrant discussion.

In his second cause of action, plaintiff alleges that he, Yamin and Walsh entered into an unwritten contract by which they agreed to grant him a "proportionate" share of Combined Solutions in exchange for his contribution of $100,000. Affording plaintiff the benefit of every possible inference, we agree that the complaint, when considered together with an undated letter from Yamin asking that plaintiff accept a 6% ownership of the company's stock, can be read to allege a claim that Yamin and Walsh agreed to grant plaintiff 6% ownership for each of his two payments of $50,000 (*see Ground to Air Catering v Dobbs Intl. Servs.*, 285 AD2d 931, 933 [2001]; *G.H. Dorety Constr. v Joseph Francese, Inc.*, 252 AD2d 656, 656-657 [1998]). Nonetheless, this breach of contract claim, the related third cause of action for breach of the covenant of good faith and the seventh cause of action for quasi contract are all untimely because plaintiff did not assert them until more than six years after the money was paid and defendants breached their obligations by failing to grant him part ownership or otherwise compensate him (*see e.g. County of Niagara v Town of Royalton*, 48 AD3d 1072, 1072 [2008]; *Liberman v Worden*, 268 AD2d 337, 339 [2000]; *Klein v Conte*, 212 AD2d 363, 363 [1995]).

We reach a different conclusion with regard to plaintiff's fourth cause of action for unjust enrichment. This claim alleges that plaintiff gave defendants $100,000 and valuable personal services, and that it would be inequitable for them to retain those benefits without compensating him (*see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC*, 31 AD3d 983, 988 [2006]). While the six-year statute of limitations also applies to this claim (*see Elliott v Qwest Communications Corp.*, 25 AD3d 897, 898 [2006]), it is time-barred only to the extent that plaintiff provided things of value more than six years before he commenced this action. Since plaintiff alleges in an opposing affidavit that he provided nonmonetary benefits to defendants after August 2001, his claim for the value of those contributions is not time-barred.

For the reasons set forth by Supreme Court in its comprehen-

sive written decision (19 Misc 3d 1142[A], 2008 NY Slip Op 51141[U] [2008]), we concur that plaintiff's further causes of action numbered 1, 5, 12, 18, 19, 21 and 22 were properly dismissed as time-barred. The court also properly dismissed causes of action numbered 6, 8-11, 13-17, 20 and 23-27 for their failure to state a cause of action. Finally, inasmuch as plaintiff's proposed second amended complaint comprising 196 pages, 488 paragraphs and 25 exhibits would not remedy the defects of the first or comply with CPLR 3014, Supreme Court did not abuse its discretion in denying plaintiff's cross motion to amend his complaint (*see Sanford v Colgate Univ.*, 36 AD3d 1060, 1062 [2007]; *Moon v Clear Channel Communications*, 307 AD2d 628, 630 [2003]; *cf. Lawrence v Talbot*, 62 AD2d 1012, 1012 [1978]).

Kane, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the fourth cause of action; motion denied to that extent; and, as so modified, affirmed. [*See* 19 Misc 3d 1142(A), 2008 NY Slip Op 51141(U).]