Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 22, 2011. The order denied in part the motion of defendant Kevin J. Comerford to dismiss the first amended complaint against him.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff, County of Erie (County), commenced this action to recover damages from its former employee, Kevin J. Comerford (defendant), for fraud and breach of fiduciary duty. Defendant appeals from an order denying in part his motion to dismiss the first amended complaint against him on the ground, inter alia, that the County lacks capacity to sue. The first amended complaint alleges that defendant, in his capacity as County Commissioner of Central Police Services, issued a *1234 memorandum to the County Legislature containing false representations concerning the appropriate vendors with which the County should contract for the upgrade of its computer-aided dispatch system. The first amended complaint further alleges that, based upon defendant’s memorandum, the County entered into a contract with defendants M/A-Com, Inc., Tyco Electronics Corporation, and Intergraph Corporation (M/A-Com contract) that obligated the County to pay the sum of $4,093,000 for goods and services that at the time of the complaint had not been provided or completed.
There is no dispute that the County Legislature did not pass a resolution authorizing the commencement of this action. Contrary to defendant’s contention, however, we conclude that, notwithstanding the absence of such a resolution, the County Executive was empowered to commence this action on behalf of the County (see Matter of County of Rockland v Town of Clarkstown, 167 Misc 2d 367, 371 [1996]). Under the County Charter, the County Executive is the Chief Executive Officer, the administrative head of the County government, and the Chief Budget Officer of the County. The County Charter grants the County Executive “all necessary incidental powers to perform and exercise any of the duties and functions specified ... or lawfully delegated to him” (Erie County Charter § 302 [former (n)], now [m]). The County Executive is empowered by the County Charter to authorize the County Attorney to commence civil litigation to enforce any of the duties and functions lawfully designated to the County Executive (see § 602; see also § 302 [former (m)], now [1]; [former (n)], now [m]). Inasmuch as this action seeks to recover over $4 million dollars of the County’s funds that were allegedly improperly paid under the M/A-Com contract as a result of defendant’s alleged fraud, we conclude that the County Executive’s duties as Chief Executive Officer and Chief Budget Officer of the County clearly embrace the subject matter of this action and empower him to authorize the County Attorney to commence the litigation (see County of Rockland, 167 Misc 2d at 371).
As the dissent correctly notes, section 602 of the Erie County Charter permits the County Attorney to perform “such additional and related duties as may be prescribed by law, by the county executive or by resolution of the county legislature” (emphasis added). Inasmuch as section 602 specifically discusses the power of the County Attorney to prosecute an action, the dissent contends that section 602 “cannot be read to encompass the enumerated power to commence a civil action.” To do so, in the opinion of our dissenting colleagues, “would render *1235 superfluous the County Legislature’s inclusion of that enumerated power within section 602.”
In our view, the dissent has conflated the distinct acts of prosecuting an action and commencing an action. Erie County Charter § 602 and County Law § 501 (1) limit the duties of a County Attorney, insofar as relevant to this appeal, to prosecuting or defending actions brought by or against the County. As the dissent correctly states, the board of supervisors or the legislature of a county is generally empowered to bring, i.e., commence, a civil action. Thus, the power to commence a civil action constitutes an additional and related duty, and our interpretation of both Erie County Charter § 602 and County Law § 501 (1) does not render any language in section 602 superfluous.
We reject defendant’s further contention that the first amended complaint fails to plead a cause of action for fraud with sufficient particularity (see CPLR 3016 [b]; Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]).
As an alternate ground on which to dismiss the fraud cause of action, the dissent concludes that, to the extent that “[t]he operative allegations behind the County’s fraud cause of action . . . are based solely on ‘information and belief,’ ” those allegations are insufficient. We do not take issue with the legal authority cited by the dissent, but we decline to dismiss a complaint on a legal theory not raised by the defendant on the underlying motion to dismiss or on appeal. “It is well settled that ‘[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance’ ” (Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]). We disagree with the dissent’s conclusion that defendant’s general contention that the first amended complaint fails to state a cause of action alleging fraud encompasses the specific theory that the County failed to identify the source of the information of the allegations made on “information and belief.” Had defendant advanced that theory, it is likely that the County would have been able to offer proof to overcome it. Indeed, the ease with which the County’s pleading deficiency could be overcome is the basis for the dissent’s determination to dismiss the first amended complaint “without prejudice.” The County was not put on notice that such a theory for dismissal was being raised by defendant and thus had no opportunity to refute or overcome it (cf. Belco Petroleum Corp. v AIG Oil Rig, 164 AD2d 583, 598-599 [1991]). We decline to dismiss the first amended complaint on a defi *1236 ciency that easily could have been addressed had it been raised by defendant.
Finally, we reject defendant’s contention that he is immune from suit because he exercised discretion in recommending the M/A-Com contract, inasmuch as he is not being sued for an injury to a member of the public (see Valdez v City of New York, 18 NY3d 69, 76 [2011]).
All concur except Sconiers and Whalen, JJ., who dissent and vote to modify in accordance with the following memorandum.