**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INTERMEC, INC., <br><br>     Plaintiff - Appellee, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br>     Defendant - Appellant. | No. 12-35738 <br><br> D.C. No. 2:11-cv-00165-JCC <br><br><br> MEMORANDUM[*] |
| INTERMEC, INC., <br><br>     Plaintiff - Appellant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br>     Defendant - Appellee. | No. 12-35743 <br><br> D.C. No. 2:11-cv-00165-JCC |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted December 3, 2013
Seattle, Washington

Before: TALLMAN and BEA, Circuit Judges, and MURPHY, District Judge.[**]

International Business Machine Corp. ("IBM") appeals the district court's grant of partial summary judgment for Intermec, Inc. ("Intermec") and the subsequent jury verdict in favor of Intermec on Intermec's unjust enrichment claim. Intermec appeals the district court's denial of pre-judgment interest on the unjust enrichment award. For the following reasons, we reverse the district court's grant of partial summary judgment.

Intermec's claims are time-barred. Section 19.8 of the Agreement Regarding Assignment of Radio Frequency Identification Technology and Sale of Tangible Personal Property ("Agreement") states no party "may bring an action . . . arising out of the performance of this Agreement, more than four years after the action has accrued[.]" The Agreement did not give Intermec a right of final accounting when the agreement ended in April 2008. Under New York law, Intermec's last claim accrued at the time of the last alleged overpayment in 2006. *See Elliott v. Qwest Communications Corp.*, 808 N.Y.S.2d 443, 444–445 (N.Y.

---

[**] The Honorable Stephen Joseph Murphy, III, District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

App. Div. 2006).  Thus, Intermec's suit, which was filed on January 31, 2011, is not timely.

Even if Intermec's claim were not time-barred, the district court's grant of partial summary judgment must be reversed because the plain meaning of the language of the Agreement obligates Intermec to pay IBM fees for the Rapid Start Licensing Agreements under § 10.3.1 of the Agreement.  *See Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002) (holding a "written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms"); *See also Black's Law Dictionary* 149 (6th ed. 1990) (defining bare patent license).

This interpretation of the contract removes the basis of the district court's finding of any mootness of IBM's counterclaim.  IBM may now pursue that claim in the district court, and Intermec, of course, preserves all defenses that it had properly pleaded.

The parties shall bear their own costs on appeal.

**REVERSED, VACATED, and REMANDED.**