Members of the Dekalb Ave. Condominium Assn. v Klein (2019 NY Slip Op 03963)





Members of the Dekalb Ave. Condominium Assn. v Klein


2019 NY Slip Op 03963


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07629
 (Index No. 522075/16)

[*1]Members of the Dekalb Avenue Condominium Association, respondent, 
v
Shnayer Klein, appellant.


Lerner, Arnold & Winston, LLP, New York, NY (Frank P. Winston and Danielle Yamali of counsel), for appellant.
Fishman Decea & Feldman, Armonk, NY (Thomas B. Decea of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 25, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and breach of the housing merchant implied warranty, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In or around January 2011, the DeKalb Avenue Condominium Association, by its Board of Managers (hereinafter the Dekalb Board), commenced an action against, among others, the defendant, Shnayer Klein, which contained a number of causes of action, including a cause of action alleging breach of the housing merchant implied warranty in the construction of the condominium units located at 794-802 DeKalb Avenue in Brooklyn (hereinafter the premises). The Dekalb Board entered into a stipulation settling the action with Klein, and, on August 31, 2015, the action against Klein was discontinued "with prejudice." The stipulation required Klein to make certain repairs to the premises. In December 2016, the plaintiff, Members of the Dekalb Avenue Condominium Association, commenced this action against Klein, alleging that Klein failed to comply with the stipulation. The complaint contained causes of action alleging breach of contract, private nuisance, fraud, and breach of the housing merchant implied warranty. Klein moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court denied the motion.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, the court must " accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Sokol v Leader, 74 AD3d 1180, 1181, quoting Nonnon v City of New York, 9 NY3d 825, 827; see Leon v Martinez, 84 NY2d 83, 87-88). A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. [*2]of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88). "In order for evidence to qualify as documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; see Fontanetta v John Doe 1, 73 AD3d 78, 86).
We agree with the Supreme Court's determination denying those branches of the defendant's motion which were to dismiss the causes of action alleging breach of contract and private nuisance. Contrary to the defendant's contentions, the plaintiff adequately pleaded a cause of action to recover damages for breach of contract (see Canzona v Atanasio, 118 AD3d 837; Dee v Rakower, 112 AD3d 204, 208-209). The complaint, along with the stipulation of settlement attached thereto, and the papers submitted in opposition to the motion, set forth, with sufficient particularity, the provision of the stipulation upon which the plaintiff based its breach of contract cause of action (see G.H. Dorety Constr. v Joseph Francese, Inc., 252 AD2d 656). Furthermore, the email submitted in support of the defendant's motion which allegedly refuted the plaintiff's allegations was not documentary evidence within the meaning of CPLR 3211(a)(1) (see First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756). The allegations are also sufficient to state a cause of action to recover damages for private nuisance (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569-571; Trulio v Village of Ossining, 153 AD3d 577, 579).
However, the Supreme Court should have granted those branches of the defendant's motion which were to dismiss the causes of action alleging fraud and breach of the housing merchant implied warranty. The cause of action alleging fraud was duplicative of the breach of contract cause of action (see Doukas v Ballard, 135 AD3d 896, 897; Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). The cause of action alleging breach of the housing merchant implied warranty was barred by the doctrine of res judicata, as the claims encompassing that cause of action were identical to the claims brought in a prior action by an entity in privity with the current plaintiff, which was disposed of by stipulation of discontinuance "with prejudice" (see Matter of Chiantella v Vishnick, 84 AD3d 797, 798).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court